**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOAN AUFDERHEIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-627 AGF |
| ) | |
| DENISE HACKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's *pro se* complaint. The complaint is defective because it was not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A).

Plaintiff, a civil detainee at Southeast Missouri Mental Health Center (SMMHC) in Farmington, Missouri, brings this action asserting that her constitutional rights have been violated. The handwritten complaint, which numbers thirty-two (32) pages and is difficult to read, appears to seek redress on several issues: (1) her continued detainment by the Missouri Department of Mental Health; (2) violations of her rights relative to her conditions of detainment at SMMHC; (3) violations of her rights relative to deliberate indifference to her serious health care needs; and (4) alleged discrimination in violation of the Americans with Disabilities Act. Plaintiff seeks both damages, as well as release from her detainment.

It is unclear to the Court whether plaintiff intends for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials.  But these statutes differ in both scope and operation.

Generally, a detainee's challenge to the validity of her detainment or to matters affecting its duration, falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of detainment, or how one ended up in detainment, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action she is seeking. If plaintiff is seeking money damages for civil rights violations relating to her conditions of detainment, the case is most likely a § 1983 action. However, if plaintiff is seeking release from detainment, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff seeks both damages and release from detainment. Based on the allegations, this appears to be a "hybrid" action of some sort, where plaintiff is seeking both relief under 42 U.S.C. § 1983, as well as under 28 U.S.C. § 2254.  The Court will not allow plaintiff to proceed under both statutes simultaneously in one action. If plaintiff wishes to bring both actions in this Court, she must file two separate actions, seeking separate relief under the two different statutes.

Plaintiff will be required to submit an amended complaint on a court-provided form clarifying her claims. Because it is unclear whether plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send plaintiff forms for both types of cases. Plaintiff should inform the Court whether she intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate forms in this case. If plaintiff wishes to pursue claims under both statutes, she will need to file a second, separate action in this Court.

Plaintiff is warned that if she files a motion under § 2254 for release from detainment,[1] she must set forth in her application for writ of habeas corpus her efforts at exhausting her state administrative remedies. She will have twenty-one (21) days to file her petition for writ of habeas corpus in this Court.

Plaintiff is reminded that 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has exhausted the remedies available in the courts of the State. The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178B79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief still open to the habeas applicant at the time she files her application in federal court. *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

To the extent plaintiff decides to pursue her civil rights claims brought pursuant to 42 U.S.C. § 1983, the Court will provide her a court form for filing such claims. Plaintiff will have twenty-one (21) days from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth herein.

---

[1]Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied by invoking one complete round of the State's established appellate review process, *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment, *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir.2009). To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release, under Mo.Rev.Stat. § 632.498 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *See, e.g., Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

All claims in plaintiff's civil rights action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 8(a). All of plaintiff's claims should be clearly set forth in the "Statement of Claim." Plaintiff's amended complaint should clearly differentiate how the claims raised in her civil rights amended complaint differ from those filed in other pending matters, such as any habeas corpus action.

Plaintiff should take care to describe the claims in her civil rights amended complaint in detail. Further, she should be aware that civil rights claims are subject to a five-year statute of limitations. *Sulik v. Taney County, Mo.,* 393 F.3d 765, 766-67 (8th Cir. 2005) (§ 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations); Mo. Rev. Stat. § 516.120(4).

Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint, so plaintiff must include each one of the claims she wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

If plaintiff fails to file an amended complaint, or an amended petition, on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

4

**IT IS HEREBY ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's Prisoner Civil Rights Complaint form, as well as a copy of the Court's § 2254 Habeas Corpus Petition form.

**IT IS FURTHER ORDERED** that, to the extent plaintiff wishes to pursue a habeas corpus action in this case, brought pursuant to 28 U.S.C. § 2254, plaintiff must file an amended petition, on the Court's form, in accordance with the instructions set forth above, within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, to the extent plaintiff wishes to pursue a civil rights action in this case, brought pursuant to 42 U.S.C. § 1983, plaintiff must file an amended complaint, on the Court's form, in accordance with the instructions set forth above, within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff may only file an amended complaint brought pursuant to 42 U.S.C. § 1983, or an amended petition brought pursuant to 28 U.S.C. § 2254, in this action. She may not file both form complaints in this same action.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 14th day of June, 2022.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE